**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL K. LOCKHART,
          Appellant,

          v.

DEPARTMENT OF DEFENSE,
          Agency.

DOCKET NUMBER
AT-1221-18-0364-W-1

DATE: March 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel K. Lockhart, Saint Petersburg, Florida, pro se.

John D. Norquist, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action appeal. On petition for review, he argues that he is entitled to corrective action because he proved that the agency retaliated against him for making protected disclosures and the agency did not show it would have removed him absent his protected disclosures. Petition for Review (PFR) File, Tab 1 at 4-17. He also raises claims

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

that may be construed as alleging that he was retaliated against for engaging in protected activity, that he was retaliated against for filing a complaint with the agency's Office of Inspector General, that he was perceived as a whistleblower, and that he disobeyed an "illegal order," claims that were not at issue on appeal and were not addressed in the initial decision. PFR File, Tab 1 at 4-5, 14; Initial Appeal File (IAF), Tab 29 at 3-5, Tab 39, Initial Decision. Finally, he argues that the agency provided misleading and false information, and the administrative judge was biased and abused her discretion.[2] PFR File, Tab 1 at 16, Tab 5 at 4, 10.

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not

---

[2] The appellant submits over 200 pages of documents on review, which he asserts were not submitted below due to his attorney's error. PFR File, Tab 1 at 4-5, 19-223. Some of the documents are in the record below; therefore, they are not a basis for granting the petition for review. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (providing that evidence that is already a part of the record is not new). Regarding the remaining documents, they predate the close of record below, and the appellant does not assert that they were unavailable before that time. IAF, Tab 29 at 3-4. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not made this showing. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (finding that the appellant is responsible for the errors of her chosen representative).

established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision. We supplement the initial decision to address the appellant's claims regarding the conduct of the agency and the administrative judge during the proceedings below.

<u>The appellant did not show that the agency provided false or intentionally misleading information to the Board.</u>

The appellant argues that "[t]he [a]gency's response to [his] petition for review makes several mischaracterization[s] and false statements . . . to mislead and deceive the Board." PFR File, Tab 5 at 4. Specifically, he argues that the agency is "mislead[ing]" the Board by arguing that his evidence does not show that he made protected disclosures. *Id.* at 4-10. Although the appellant disagrees with the agency's assertions, he has not shown that the agency provided false information to the Board. Further, the statements of a party's representative in a pleading are not evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). Thus, the appellant has not shown that the administrative judge or the Board erred in relying on the evidence in the record in reaching a decision on this matter. Accordingly, the appellant's claims do not provide a basis for granting his petition for review.

<u>The appellant did not show that the administrative judge abused her discretion in denying his motion to compel discovery.</u>

The appellant also alleges that the administrative judge improperly denied his motion to compel additional interrogatories and argues only generally that the information he sought would likely have supported his claims that his performance evaluations were unfounded and fabricated. PFR File, Tab 1 at 15-16. The administrative judge denied the appellant's motion to compel the agency's response to his fifth set of interrogatories because they exceeded the Board's interrogatory limit. IAF, Tab 24 at 5, 59-69, Tab 28; *see* 5 C.F.R. § 1201.73(e)(1) (providing that, absent prior approval by the judge,

interrogatories served by parties upon another party or a nonparty may not exceed 25 in number, including all discrete subparts).

The appellant has not shown that the administrative judge abused her discretion in denying his motion to compel. The Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *White v. Government Printing Office*, 108 M.S.P.R. 355, ¶ 9 (2008). The appellant alleges that the discovery sought would have produced information challenging his supervisors' bases for demoting him and proving that other management officials had knowledge of his disclosures. PFR File, Tab 1 at 14-15. Based on the appellant's arguments, this information likely relates to his burden of proving contributing factor and the agency's burden of refuting a prima facie case of reprisal, PFR File, Tab 1 at 15-16, which do not relate to the dispositive issue—the appellant's failure to prove that he made a protected disclosure. Therefore, the administrative judge's decision to deny his motion to compel for review is not reversible error.

The appellant's other claims of adjudicatory error are not a basis for granting his petition for review.

Finally, the appellant requests that the administrative judge be disqualified from future proceedings "based on the demonstrated pattern of abuse of discretion." PFR File, Tab 1 at 16. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's claims, which do not relate to

any extrajudicial conduct by the administrative judge, neither overcome that presumption, nor establish a deep-seated favoritism or antagonism.

Accordingly, we discern no basis for granting the appellant's petition for review.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.